Louis Pechman (Bar No. 035931983)
Catalina Cadavid (Bar No. 203388016)
Pechman Law Group PLLC
488 Madison Avenue – 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff and the
Putative FLSA Collective*

Mitchell Schley
Law Offices of Mitchell Schley, LLC
197 Route 18, Suite 3000
East Brunswick, New Jersey 08816
(732) 325-0318
*Attorney for Plaintiff and the
Putative FLSA Collective*

## UNITED STATES DISTRICT COURT
## DISTRICT COURT OF NEW JERSEY

------------------------------------------------------------------X
PASTOR CASTILLO, on behalf of himself and all
others similarly situated,

                            Plaintiff,

  -against-

NUMERO-III INC. d/b/a PERKINS FAMILY
RESTAURANT, PERKINS & MARIE
CALLENDER'S LLC d/b/a PERKINS
RESTAURANT AND BAKERY, and JACK "DOE,"

                            Defendants.
------------------------------------------------------------------X

**Civ. Action No.:**

**COLLECTIVE ACTION COMPLAINT**

      Plaintiff Pastor Castillo ("Castillo" or "Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC and the Law Offices of Mitchell Schley, LLC, complaining of Defendants Numero-III Inc. d/b/a Perkins Family Restaurant, Perkins & Marie Callender's LLC d/b/a Perkins Restaurant and Bakery, and Jack "Doe" (collectively, "Defendants") alleges:

## NATURE OF THE COMPLAINT

1. Castillo worked at Perkins as a busboy. During the 16 years he was employed by Defendants, Castillo was paid at the same hourly rate for all hours worked, even though he often worked more than forty hours per week.

2. Castillo brings this action to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C 12:56 *et seq.* ("NJWHL").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Perkins is located in the District of New Jersey.

## THE PARTIES

**Plaintiff**

5. Plaintiff resides in Middlesex County, New Jersey.

6. Defendants employed Castillo from February 19, 2001 through February 5, 2017.

7. At all relevant times, Plaintiff and those similarly situated were employees of Defendants within the meaning of the FLSA and NJWHL.

**Defendants**

8. Defendant Numero-III Inc. is a New Jersey corporation that owns and operates Perkins Family Restaurant, a restaurant and bakery located at 297 Route 22

East, Green Brook, New Jersey 08812, and at all relevant times has been an employer within the meaning of the FLSA and NJWHL. The restaurant is open seven days a week, from 10:00 a.m. to 8:00 p.m.

9. Numero-III Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. Numero-III Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Numero III Inc. has an annual gross volume of sales in excess of $500,000.

12. Defendant Perkins & Marie Callender's LLC is a New Jersey corporation that owns and operates Perkins Restaurant and Bakery, a restaurant and bakery located at 297 Route 22 East, Green Brook, New Jersey 08812, and at all relevant times has been an employer within the meaning of the FLSA and NJWHL. The restaurant is open seven days a week, from 10:00 a.m. to 8:00 p.m.

13. Perkins & Marie Callender's LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. Perkins & Marie Callender's LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Perkins & Marie Callender's LLC has an annual gross volume of sales in excess of $500,000.

16. Defendant Jack "Doe" ("Jack") owns and operates Perkins.

17. Throughout Plaintiff's employment, Jack had and exercised power and authority over personnel decisions at Perkins, including the hiring and firing of

employees, directing the manner in which employees performed their daily duties and assignments, and establishing and implementing the pay practices and work and scheduling policies at Perkins.

18. For example, Jack worked on the premises and made day to day decisions at Perkins.

19. On January 2, 2017, Jack changed Plaintiff's schedule so that he would have to work an extra hour that day.

20. On January 8, 2017, Jack changed Plaintiff's schedule completely, so that he would have less hours on his schedule.

21. Jack reprimanded Plaintiff on January 7, 2017, when Plaintiff did not take a lunch break, but used his lunch break time to leave work early due to the snow.

22. Jack distributed paychecks to Plaintiff.

23. Jack exercises sufficient control over Plaintiff's and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA and NJWHL.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of himself and on behalf of the tipped food service workers (*i.e.* waiters, runners, busboys, and all other tipped non-exempt employees) of Perkins who elect to opt-in to this action (the "FLSA Collective").

25. The FLSA Collective consists of approximately fifteen similarly situated current and former tipped employees of Perkins, who, over the last three years have been victims of Defendants' common policy and practices that have violated the

employees' rights under the FLSA by, *inter alia,* willfully denying them overtime wages due under the FLSA.

26. Defendants apply the same employment policies, practices, and procedures to all non-exempt employees. This policy and pattern or practice includes, *inter alia,* failing to pay Plaintiff and the FLSA Collective overtime wages for all hours worked in excess of forty per week.

27. Defendants have engaged in this unlawful conduct pursuant to a policy, plan, or practice of minimizing labor costs and denying employees compensation by failing to compensate Plaintiff and the FLSA collective for all hours they have worked.

28. Defendants are aware or should have been aware that federal law required them to pay the FLSA Collective minimum wages for all house worked as well as overtime premiums for all hours worked in excess of forty per workweek.

29. Plaintiff and the FLSA Collective performed the same primary duties.

30. Defendants' unlawful conduct has been widespread, repeated, and consistent.

31. There are many similarly situated current and former tipped workers who have been denied overtime compensation in violation of the FLSA, who would benefit

from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

32. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

### PLAINTIFF'S FACTUAL ALLEGATIONS

33. Throughout his employment, Defendants did not compensate Castillo for hours worked over forty at the overtime rate of one and a half (1½) times his regular rate of pay.

34. From February 19, 2001 to February 5, 2017, Castillo worked primarily as a busboy at Perkins.

35. From approximately January 2014 through approximately February 5, 2017, Castillo was paid an hourly rate of $10.00 per hour worked for all hours worked, including those over forty per week.

36. From approximately January 2014 through January 7, 2017, Castillo regularly worked fifty-four hours per workweek: Monday and Friday from 8:00 a.m. to 4:00 p.m.; Tuesday from 8:00 a.m. to 9:00 p.m.; Wednesday from 8:00 a.m. to 8:00 p.m.; Saturday from 7:00 a.m. to 4:00 p.m.; and Sunday from 7:00 a.m. to 3:00 p.m. During this time, he received a one hour unpaid lunch break on Tuesday and Wednesday, and a half hour unpaid break on all other days.

37. From January 8, 2017 through February 5, 2015, Castillo worked approximately forty-six hours per workweek: Monday through Wednesday and Friday

6

from 8:00 a.m. to 4:00 p.m.; Saturday 7:00 a.m. to 4:00 p.m.; and Sunday 7:00 a.m. to 3:00 p.m. During this time, he received a half hour unpaid lunch break every day.

38. From January 2014 to February 5, 2017, Castillo was paid weekly by check for forty hours of work and received cash for the rest of his wages.

**FIRST CLAIM**
**Fair Labor Standards Act – Unpaid Overtime**

39. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

40. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular rate of pay for all hours they worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et. seq.*

41. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled to under the FLSA.

42. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

43. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to

comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

44. Defendants' violations of the FLSA described above have been willful and, therefore, a three year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

45. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### New Jersey Wage and Hour Law – Unpaid Overtime

46. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

47. Under the NJWHL and supporting New Jersey Department of Labor Regulations, Defendants were required to pay Plaintiff and the FLSA Collective one and one (1½) half times their regular rate of pay for all hours worked in excess of forty.

48. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled to under the NJWHL.

49. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff and the FLSA overtime wages.

50. Plaintiff also brings this action pursuant N.J.S.A. 34:11-56a25, which provides, "An employee shall be entitled to maintain such action for and on behalf of himself or other employees similarly situated, and such employee and employees may

8

designate an agent or representative to maintain such action for and on behalf of all employees similarly situated."

51. Due to Defendants' willful violations of the NJWHL, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all tipped workers, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all servers, bussers, runners, and other tipped food service workers who are presently working, or who have worked, at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Perkins. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Designation of Plaintiff as representative of the FLSA Collective;

C. Designation of counsel as counsel of the FLSA Collective;

D. Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E. Unpaid overtime pay, pursuant to N.J.S.A. § 34:11-56a *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations;

F. Pre- and post-judgment interest;

G. An injunction requiring Defendants to pay all statutorily required wages pursuant to the NJWHL;

H. Reasonable attorneys' fees and costs of the action; and

I. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
March 10, 2017

By: _____
Louis Pechman
Catalina Cadavid
Pechman Law Group
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
cadavid@pechmanlaw.com
*Attorneys for Plaintiff and the
Putative FLSA Collective*

By: s/ Mitchell Schley
Mitchell Schley
Law Offices of Mitchell Schley, LLC
197 Route 18, Suite 3000
East Brunswick, New Jersey 08816
(732) 325-0318
mschley@schleylaw.com
*Attorney for Plaintiff and the
Putative FLSA Collective*